IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MAURICE NEWSUAN | : CIVIL ACTION |
| v. | : |
| CARMELIA NEWSUAN | : NO. 12-6043 |
| MAURICE A. NEWSUAN | : |

MEMORANDUM

SLOMSKY, J.                                                NOVEMBER 7th, 2012

    Maurice Newsuan filed this pro se civil action against his sister, Carmelia Newsuan, and his nephew, Maurice A. Newsuan. He alleges that the defendants stole a $500 settlement check that he received in connection with another lawsuit that he filed in this Court, Newsuan v. Correctional Officer Deanna Dill, Civ. A. No. 10-6816 (E.D. Pa.). He also seeks to proceed in forma pauperis. For the following reasons, the Court will grant plaintiff leave to proceed in forma pauperis and dismiss his complaint.

I.   FACTS

    In Civil Action No. 10-6816, plaintiff brought constitutional claims against two correctional officers of the Philadelphia House of Correction, where he was previously incarcerated. The parties settled that matter shortly before trial. According to the complaint in this action, plaintiff received a $500 check from the City of Philadelphia as a result of the settlement. Plaintiff alleges that the defendants forged his name, "fraudulently cashed [his] settlement check," and stole the proceeds. (Compl. ¶ II.D.) He seeks return of the $500 he claims was stolen from him and the arrest of the two defendants.

1

## II. STANDARD OF REVIEW

The Court initially denied plaintiff leave to proceed in forma pauperis because he did not provide a certified copy of his prisoner account statement for the entire six-month period prior to the filing of this action in October, as he only filed records dating back to July. (Document No. 2.) In response, plaintiff submitted a letter in which he informed the Court that he is incapable of submitting statements for the missing months, and requested that the Court reopen this matter. It is plaintiff's responsibility to "submit a certified copy of [his] trust fund account statement (or institutional equivalent) . . . for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); Piskanin v. Court of Common Pleas of Lehigh Cnty. & All of It's Judges, 359 F. App'x 276, 278 (3d Cir. 2009) (per curiam). Nevertheless, the Court will take judicial notice of statements that plaintiff filed in a prior case, Newsuan v. Gardner, Civ. A. No. 12-3701 (Document No. 3), grant plaintiff leave to proceed in forma pauperis, and assess his initial partial filing fee based on those statements and the statements that he filed in this case.[1]

---

[1] "The in forma pauperis statute does not authorize the District Court to 'take judicial notice' of prior grants of pauper status." Piskanin, 359 F. App'x at 278. Here, however, the Court is taking judicial notice of prison statements that can be found in the public record. See Goins v. Luster, Civ. A. No. 12-1761, 2012 WL 5308054, at *1 n.1 (E.D. Mo. Oct. 25, 2012) ("The Court takes judicial notice of the prisoner account statement plaintiff filed in a recent case plaintiff filed in this Court."); Davis v. Griffen, Civ. A. No. 11-395, 2011 WL 6700225, at *1 n.1 (M.D. Ga. Nov. 23, 2011) ("Though Plaintiff

2

As plaintiff is proceeding in forma pauperis, 28 U.S.C. § 1915(e)(2)(B) applies. That provision requires the Court to dismiss the complaint if it is frivolous or malicious, fails to state a claim, or seeks monetary relief from a defendant who is immune. Whether a complaint fails to state a claim under § 1915(e) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), see Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotations omitted). Furthermore, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

### III. DISCUSSION

To the extent plaintiff brings this action pursuant to 42 U.S.C. § 1983, he has failed to state a claim because neither of the defendants are state actors. Groman v. Twp. of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995) ("[A] suit under § 1983 requires the

---

failed to file a prison trust account statement in the present case, the Court takes judicial notice of an account statement filed by Plaintiff in another case also before the Court which covers the relevant time period."), recommendation adopted by, 2011 WL 6699276 (M.D. Ga. Dec. 21, 2011). In light of the existence of these statements, the Court is troubled by plaintiff's representation that he could not produce records before July because his "current balance" did not start until then. (Document No. 4.)

wrongdoers to have violated federal rights of the plaintiff, and that they did so while acting under color of state law."). Furthermore, to the extent that plaintiff is bringing claims pursuant to federal criminal statutes, he has failed to state a claim because such statutes do not give rise to civil liability. See Cent. Bank of Dover, N.A. v. First Interstate Bank of Denver, N.A., 511 U.S. 164, 190 (1994) ("We have been quite reluctant to infer a private right of action from a criminal prohibition alone[.]"); Luckett v. Bure, 290 F.3d 493, 497 (2d Cir. 2002) ("We affirm the district court's dismissal of [plaintiff's] claims of sabotage, forgery, and perjury, which are crimes and therefore do not give rise to civil causes of action."); see also Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) (observing that a "private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another").

Although the complaint alleges violations of state tort law, there is no independent basis for the Court's jurisdiction over those claims. Diversity jurisdiction requires diversity of citizenship among the parties and that the amount in controversy exceed $75,000 exclusive of interest and costs. See 28 U.S.C. § 1332(a). "As a general rule, [the amount in controversy] is determined from the good faith allegations appearing on the face of the complaint." Spectacor Mgmt. Grp. v. Brown, 131 F.3d 120, 122 (3d Cir. 1997). "It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." Dardovitch v. Haltzman, 190 F.3d 125, 135

4

(3d Cir. 1999) (quotations omitted).

Here, plaintiff seeks damages in the amount of $500, the value of the settlement check that the defendants allegedly stole from him. Accordingly, it is apparent from the face of the complaint that the amount in controversy falls far short of the statutory threshold exclusive of interest and costs.[2] The Court will therefore dismiss plaintiff's state law claims for lack of subject matter jurisdiction.

## IV. CONCLUSION

For the foregoing reasons, the complaint is dismissed. Leave to amend will not be granted because amendment would be futile. The dismissal of plaintiff's state law claims is without prejudice to his ability to file those claims in state court. An appropriate Order follows.

---

[2] Additionally, it is not clear that the parties are diverse. See Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 419 (3d Cir. 2010) ("Complete diversity requires that[] . . . no plaintiff be a citizen of the same state as any defendant.").